[Crim. No. 8123. Third Dist. Dec. 2, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
GEORGE ALLEN JOHNSON, Defendant and Appellant.

## COUNSEL

George Allen Johnson, in pro. per., and David H. Fielding, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, A. Wells Petersen and Jay M. Bloom, Deputy Attorneys General, for Plaintiff andf Respondent.

## OPINION

**THE COURT.**\*—Defendant entered a plea of guilty to the felony charge of making, drawing, uttering and delivering to Farmer's Market a check

\*Before Puglia, P. J., Friedman, J., and Janes, J.

drawn, upon an account at Trans-World Bank, Pacoima, California, in which there were then insufficient funds, with intent to defraud Farmer's Market and Trans-World Bank. (Pen. Code, § 476a.) Before the plea of guilty was entered, defendant's motion to suppress all records of his account at the Trans-World Bank was denied by the trial court. This appeal is limited to a review of the trial court's order of denial. (Pen. Code, § 1538.5, subd. (m).)

At the preliminary hearing on November 12, 1974, the operations officer of Trans-World Bank testified that defendant's account there had been closed since September 20, 1973, a year before the check in question was drawn and presented to Farmer's Market. Thereafter, in the suppression proceedings in the trial court, the district attorney admitted that before the preliminary hearing, the investigating officer had contacted the operations officer of Trans-World Bank by telephone and had learned the status of defendant's account. Before the hearing on defendant's motion to suppress, a search warrant for bank records of defendant's account was issued and served. The motion was submitted on the transcript of the preliminary hearing and evidence relative to the issuance and execution of the search warrant.

In December of 1974, after the preliminary hearing but before the hearing in the trial court on the motion to suppress, the California Supreme Court decided *Burrows* v. *Superior Court* (1974) 13 Cal.3d 238 [118 Cal.Rptr. 166, 529 P.2d 590]. The Court there held that a depositor has a reasonable expectation that bank records originating from information supplied by him will be maintained in confidence by the bank, and that disclosure thereof to law enforcement officers without authorization by legal process constitutes an unlawful search and seizure. On appeal defendant contends that the informal telephone inquiry of the bank prior to the preliminary hearing constitutes an unlawful search and seizure within the principle of the *Burrows* case, and that the subsequent seizure under a warrant of documents containing the same information is tainted by the preceding unlawful search.

The *Burrows* doctrine applies in the case of neutral banks with no significant interest in the matter which occasions the inquiry. If, however, the bank is itself a victim of defendant's suspected criminal conduct, his right of privacy as a depositor is subordinated to the bank's legitimate interest in self-protection from wrong-doing. (*Burrows, supra,* at p. 245.) ■ The check defendant issued and passed was drawn on his closed account at the Trans-World Bank in Pacoima. In utilizing a check

drawn on a closed account in that bank, defendant attempted to defraud the bank and placed it in a position of potential liability for the amount of the check. (See Cal. U. Com. Code, §§ 4301, 4302.) Thus the bank was not neutral; defendant had no overriding expectation of privacy with respect to bank records relating to the status of his account; and the bank was at liberty to disclose that information in response to the informal request of law enforcement officers.

Moreover, assuming, arguendo, the impropriety of the informal inquiry of the bank, the later search under a warrant was not affected thereby. The affidavit for search warrant clearly supported probable cause and contained no information obtained directly or indirectly as a result of the original warrantless inquiry of the bank, nor was the magistrate otherwise apprised thereof. (See *Krauss* v. *Superior Court* (1971) 5 Cal.3d 418, 422-423 [96 Cal.Rptr. 455, 487 P.2d 1023].)

The judgment is affirmed.

Appellant's petition for a hearing by the Supreme Court was denied January 28, 1976.