[Crim. No. 8940. Fourth Dist., Div. One. Apr. 17, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
STEPHEN JEFFREY MUCHMORE, Defendant and Appellant.

**COUNSEL**

Appellate Defenders, Inc., under appointment by the Court of Appeal, Richard Schwering and Stephen J. Perrello, Jr., for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Harley D. Mayfield and Jay M. Bloom, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**BROWN (Gerald), P. J.**—Stephen Jeffrey Muchmore appeals the judgment after he pleaded guilty to one count of passing bad checks with intent to defraud (Pen. Code, § 476a).

On June 8, 1977, Muchmore opened a checking account at the California Canadian Bank (Bank) in San Diego with a $50 deposit. Two days later he deposited a check drawn on a Massachusetts bank for $841.75 less $50 cash. The check was returned because the account had been closed. During the next two months Muchmore passed a number of checks at various commercial establishments drawn on Bank which were returned because of insufficient funds (N.S.F.). On August 23, 1977, Detective Richard P. Shaw sent a form letter to Bank stating a criminal report had been filed against Muchmore and asking for information on his account. On September 29, 1977, after returning 42 checks because of insufficient funds, Bank closed Muchmore's account. On November 23, 1977, a subpoena duces tecum was issued for Muchmore's bank records. He challenges the police requests for information.

Muchmore concedes when a customer draws a N.S.F. check on a bank, the bank is not a neutral party to the transaction and the depositor's right of privacy becomes secondary to the bank's interest in protecting itself from wrongdoing (*Burrows* v. *Superior Court*, 13 Cal.3d 238, 245 [118 Cal.Rptr. 166, 529 P.2d 590]; *People* v. *Superior Court (Abrahms)* 55 Cal.App.3d 759, 772 [127 Cal.Rptr. 672]). However, these cases were decided before the California Right to Financial Privacy Act (Gov. Code, §§ 7460-7493). Under the act a state or local agency is prohibited from requesting or receiving the financial records of any customer or a financial institution unless it follows certain procedures. In general, in order to get access to bank records the act requires the customer's consent, a warrant or a subpoena except in a few defined situations. One of these exceptions reads:

"(b) When any police or sheriff's department or district attorney in this state *certifies to a bank in writing that a crime report has been filed* which involves the alleged fraudulent use of drafts, checks or other orders drawn upon any bank in this state, such police or sheriff's department or district attorney may request a bank to furnish, and a bank shall supply, a statement setting forth the following information with respect to a customer account specified by the police or sheriff's department or

district attorney for a period 30 days prior to and up to 30 days following the date of occurrence of the alleged illegal act involving the account:

"(i)  The number of items dishonored;

"(ii)  The number of items paid which created overdrafts;

"(iii)  The dollar volume of such dishonored items and items paid which created overdrafts and a statement explaining any credit arrangement between the bank and customer to pay overdrafts;

"(iv)  The dates and amounts of deposits and debits and the account balance on such dates;

"(v)  A copy of the signature and any addresses appearing on a customer's signature card; and

"(vi)  The date the account opened and, if applicable, the date the account closed." (Gov. Code, § 7480, subd. (b) [italics added].)

Here the police sent a form letter to Bank which says the signatory certifies " . . . a crime report has been filed alleging the fradulent use of checks drawn upon your bank against the account of: Stephen J. Muchmore. . . . " Muchmore complains no crime report was introduced into the municipal or superior court records, which makes the search invalid. He suggests if there is a crime report, there is no showing the officer who filed it had sufficient evidence to do so. (See *People* v. *Harvey,* 156 Cal.App.2d 516; 521 [319 P. 2d 689]; *People* v. *Madden,* 2 Cal.3d 1017, 1021 [88 Cal.Rptr. 171, 471 P.2d 971].) Then he claims the prosecution had the burden of showing its case came within the exception contained in section 7480, subdivision (b) and this it failed to do because it did not produce a crime report. However, Muchmore never raised these issues below. In fact, at the preliminary hearing he stated, "There is no argument that they're in compliance [with § 7480]." He cannot now complain of a lack of compliance when had he objected at the trial level, the prosecutor would have had the opportunity to produce the crime report and the officer who filed it. (See *People* v. *Rogers,* 21 Cal.3d 542, 547-548 [146 Cal.Rptr. 732, 579 P.2d 1048].)

■  Muchmore contends the police were obligated to advise him at the same time they sent the request to the bank. In support he cites *Valley Bank of Nevada* v. *Superior Court,* 15 Cal.3d 652 [125 Cal.Rptr. 553, 542

P.2d 977]. However, this case deals with defendants, who through ordinary civil discovery procedures, sought to get customer account information from a bank on persons who were not parties to the suit in order to establish a defense of fraud. The court balanced the interests of civil litigants in discovery and the right of bank customers to maintain their privacy, concluding that before confidential information is disclosed the customer should be notified and given an opportunity to object to disclosure (*Valley Bank of Nevada* v. *Superior Court, supra,* 15 Cal.3d 652, 657-658). However, here we deal with a criminal, not a civil matter; it is a situation where the police have sufficient information to warrant the filing of a crime report, based upon a belief fraud has been committed on the bank through the account in question. It is reasonable for a bank customer to expect his financial transactions will not be disclosed in the ordinary course of events. However, the shield of privacy cannot be used to shelter criminal acts. Here the police have evidence the customer was attempting to defraud; the challenged request is not a sweeping exploratory invasion into a person's finances; rather, the scope of the inquiry is restricted by statute and concerns only those records associated with the purported fraudulent acts; the request itself is part of an ongoing criminal investigation in which there is already enough information for a crime report to have been filed. In balancing the privacy interests of the bank's customers against the bank's self-interest in protecting itself from wrong-doing and society's interest in investigating and apprehending criminals, the customers' interest must give way where there is a circumscribed request directed to prosecuting a particular criminal act. There is no need under such circumstances to notify the customer in advance; any objections he might have to disclosure are secondary to the interests of society.

Muchmore argues the material obtained by the subpoena duces tecum must be suppressed because the subpoena did not include the date and time of compliance. Bank filed the information with the court one day before the preliminary hearing thus giving the People unrestricted access to the material before there was a judicial determination that they were legally entitled to see it (*Carlson* v. *Superior Court,* 58 Cal.App.3d 13, 21-22 [129 Cal.Rptr. 650]). However, there is no evidence that Muchmore attempted to quash the subpoena or objected to it in any way at the trial court and he is precluded from doing so on appeal. (See *People* v. *Rogers, supra,* 21 Cal.3d 542, 547-548.)

■ Muchmore suggests Government Code section 7480, permitting police access to bank records without probable cause to arrest, violates

the California Constitution's guarantee to privacy (art. I, § 1). However, the right to privacy does not apply when the customer is using a bank account to defraud the bank (*People* v. *Johnson*, 53 Cal.App.3d 394, 397 [125 Cal.Rptr. 725]; *People* v. *Superior Court (Abrahms) supra*, 55 Cal.App.3d 759, 772).

The judgment is affirmed.

Cologne, J., and Staniforth, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 14, 1979.