STATE of Wisconsin, Plaintiff-Respondent,

v.

W. Peter GILBERTSON, Defendant-Appellant.†

Court of Appeals

*No. 78–311–CR. Submitted on briefs September 12, 1979.—
Decided January 23, 1980.*
(Also reported in 288 N.W.2d 877.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the brief of *Philip G. Arneson* of La Crosse.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Edward S. Marion,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J. Defendant has appealed from the judgment of his conviction of the crime of theft, in violation of sec. 943.20 (1) (b), Stats.[1] Prior to entering his plea of no contest, defendant moved to suppress evidence consisting of copies of records pertaining to his personal checking account in First Bank of La Crosse. Defendant predicates this appeal upon the denial of that motion.

The issue is whether defendant's rights under art. I, sec. 11 of the Wisconsin Constitution[2] were violated be-

[1] Section 943.20(1)(b), Stats., provides:

Whoever does any of the following may be penalized as provided in sub. (3):

. . . .

(b) By virtue of his office, business or employment, or as trustee or bailee, having possession or custody of money or of a negotiable security, instrument, paper or other negotiable writing of another, intentionally uses, transfers, conceals, or retains possession of such money, security, instrument, paper or writing without the owner's consent, contrary to this authority, and with intent to convert to his own use or to the use of any other person except the owner. A refusal to deliver any money or a negotiable security, instrument, paper or other negotiable writing, which is in his possession or custody by virtue of his office, business or employment, or as trustee or bailee, upon demand of the person entitled to receive it, or as required by law, is prima facie evidence of an intent to convert to his own use within the meaning of this paragraph.

[2] Article I, sec. 11 of the Wisconsin Constitution provides:

The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue but upon probable

cause copies of records pertaining to his checking account were furnished by the bank to the state without defendant's knowledge or consent and without the issuance of a search warrant or subpoena.

According to the factual portion of the complaint, defendant was an accountant with Torrance Casting and Fabricating, Inc. until late September, 1977. Defendant and Torrance maintained checking accounts with First Bank of La Crosse. The complaint states that it was not unusual for a customer to request a bank employee to imprint a deposit slip with the customer's account number when the customer did not bring a personalized deposit ticket to the bank. The employee would under those circumstances imprint a blank deposit slip with the account number furnished by the customer. The account number is imprinted with ink sensitive to electronic devices used by the bank and the bank makes deposits to the account bearing the account number encoded on the deposit slip.

The complaint states that January 7, 1977 a check by Champion Pneumatic Machinery for $4,427.20 payable to Torrance and endorsed by Torrance "For Deposit Only" to its account was deposited to defendant's account by means of a blank deposit ticket bearing his encoded account number. The complaint states that a second check by Champion for $4,095.16 payable to Torrance and endorsed by it "For Deposit Only" was deposited in February, 1977, to defendant's account by means of a similar blank deposit ticket. The complaint states that other described checks drawn by Torrance to third persons had been altered to appear payable to defendant and were endorsed by him and deposited to his account.

The records which defendant moved to suppress fall into four groups. The first group was delivered by a

cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.

bank officer to an agent of the Federal Bureau of Investigation October 18, 1977. The records include copies of a check for $4,427.20 by Champion made payable to Torrance, a blank deposit ticket for that amount bearing defendant's account number, and a personal check by defendant bearing the same account number. The records include copies of a check for $4,095.16 by Champion made payable to Torrance and a blank deposit ticket for that amount bearing defendant's account number. The records also include copies of checks by third persons made payable to Torrance and blank deposit tickets for the amounts of those checks bearing defendant's account number, but those checks are not described in the complaint.

The second group was delivered by the bank officer to a city detective at a meeting October 19, 1977 between the bank officer, the agent and a city detective. These records are described on appeal only as dealing with certain aspects of defendant's bank account. We cannot determine their exact nature.

Following the second meeting, the bank furnished other documents to the La Crosse Police Department and the District Attorney for La Crosse County. The nature of those documents is not described in the record on appeal.

Lastly, and we assume interspersed among the three groups described above, is a series of documents which were made exhibits in an action by the bank against defendant. The exhibit consists of copies of bank records pertaining to the Champion checks for $4,427.20 and $4,095.16, plus records pertaining to other checks made payable to Torrance and deposited to defendant's account, as well as certain withdrawals from defendant's accounts.

*United States v. Miller,* 425 U.S. 435 (1976), held that a depositor does not have a protectable fourth amend-

ment interest in checks and other bank records pertaining to his checking account. Defendant relies upon the concurring opinion in *State v. Starke,* 81 Wis.2d 399, 419–23, 260 N.W.2d 739 (1978), which proposes that this state hold that a depositor has a reasonable expectation of privacy in his or her bank statement and records which is protected under art. I, sec. 11 of the Wisconsin Constitution, notwithstanding *United States v. Miller.*

The concurring opinion in *State v. Starke* would adopt the reasoning of *Burrows v. Superior Court,* 13 Cal.3d 238, 118 Cal. Rptr. 166, 529 P.2d 590 (1974), which held that the California Constitution which, like the fourth amendment and art. I, sec. 11 of the Wisconsin Constitution, protects persons, houses, papers and effects against unreasonable searches and seizures, was violated when a bank voluntarily provided copies of a depositor's bank statements to the police. The depositor in that case was an attorney suspected of having misappropriated the funds of a client.

Even if we were to adopt the view of *Burrows v. Superior Court,* the facts before us fall within an exception to that holding.

*Burrows v. Superior Court* reasons that the fact that a bank accedes to a police officer's request to deliver papers regarding a depositor's account does not validate the governmental conduct because it is not the right of privacy of the bank but of the depositor which is at issue and,

[I]t would be untenable to conclude that the bank, a neutral entity with no significant interest in the matter, may validly consent to an invasion of its depositors' rights. However, if the bank is not neutral, as for example where it is itself a victim of the defendant's suspected wrongdoing, the depositor's right of privacy will not prevail. 13 Cal.3d 238, 245, 118 Cal. Rptr. 166, 170, 529 P.2d 590, 594.

California courts have consistently held that the expectation of privacy cannot exist when the customer uses a bank account to defraud the bank. Furnishing the police with bank records which pertain to the account of a depositor who has victimized the bank does not constitute an unlawful search and seizure. *People v. Johnson,* 53 Cal. App.3d 394, 125 Cal. Rptr. 725 (1975) ; *People v. Superior Court (Abrahms),* 55 Cal. App.3d 759, 127 Cal. Rptr. 672 (1976) ; and *People v. Muchmore,* 92 Cal. App.3d 32, 154 Cal. Rptr. 488 (1979).

■ Defendant is charged with violating sec. 943.20 (1) (b), Stats., for acts which victimized his past employer, Torrance Casting. The bank was also victimized by the defendant. By using blank deposit slips bearing his account number, defendant caused the depository bank as a transferee under a restrictive endorsement to violate its duty to pay or apply any value given by the bank consistently with the endorsement, contrary to sec. 403.206 (3), Stats.

"This section and other sections of the U.C.C. dealing with restrictive indorsements make it clear that a depository bank that does not apply an instrument consistently with a restrictive indorsement is liable in conversion." *C. S. Bowen Co. v. Maryland Nat'l Bank,* 36 Md. App. 26, 36, 373 A.2d 30 (1977).

We therefore need not determine whether the holding proposed by the concurring opinion in *State v. Starke, supra,* which would give a depositor a right of privacy in his or her bank records under art. I, sec. 11 of the Wisconsin Constitution, is the law of this state.

■ The circuit court properly denied the defendant's motion to suppress.

*By the Court.*—Order affirmed.