[No. B113174. Second Dist., Div. Four. Nov. 30, 1998.]

JAMES BROWN, JR., Plaintiff and Appellant, v.
COMPTON UNIFIED SCHOOL DISTRICT et al., Defendants and
Respondents.

**COUNSEL**

Robert L. Luty for Plaintiff and Appellant.

Gibeaut, Mahan & Briscoe, Gary Robert Gibeaut and John W. Allen for Defendants and Respondents.

**OPINION**

**EPSTEIN, J.**—James Brown, Jr., received a full basketball scholarship from the University of Southern California. That scholarship was revoked because Brown did not fulfill all of the eligibility requirements of the National Collegiate Athletic Association (NCAA). In response, Brown sued his high school counselor and the school district (collectively, respondents). The trial court granted respondents' motion for judgment on the pleadings. We affirm because both parties are immune from liability for negligent misrepresentations.

### FACTUAL AND PROCEDURAL SUMMARY

In a complaint, Brown alleged causes of action for negligence and breach of an oral contract against Compton Unified School District and Ms. Rae

Bonner. According to the complaint, Brown enrolled in Manuel Dominguez High School as a senior with the "expressed purpose" of taking the required classes to satisfy the NCAA eligibility requirements and of participating in the Manuel Dominguez High School basketball program. The school is a part of the defendant school district. Ms. Bonner, Brown's counselor, advised him to enroll in a particular science course. The course did not meet the NCAA requirements. Failure to complete the required science class resulted in revocation of a basketball scholarship to the University of Southern California after Brown was enrolled at the university.

Brown further alleged that Compton Unified School District "expressly and impliedly provided in pertinent part that his transfer to Manuel Dominguez High School and the playing of interscholastic men's basketball for said school would not jeopardize, compromise or threaten his ability to fulfill those high school educational prerequisites mandated by the NCAA for athletes to subsequently participate in its intercollegiate athletic program." According to the complaint, Brown transferred in reliance of those statements.

The complaint incorporates by reference a letter from the high school principal to the NCAA Academic Requirements Committee. The letter states that Brown's failure to take the required science class is "completely the result of misadvisement on the part of one of our school's academic counselors." "Dominguez High School must assume responsibility for misadvising James Brown. It is true that our counselors are overworked and not experts in interpreting NCAA rules; however, this is a mistake that should not have been made. James simply followed the advise [sic] given to him by a school authority."

Finding no duty, the trial court granted respondents' motion for judgment on the pleadings. The court denied leave to amend.

### DISCUSSION

"Because a motion for judgment on the pleadings is similar to a general demurrer, the standard of review is the same. [Citation.] We treat the pleadings as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. When leave to amend is not given, we determine whether the complaint states a cause of action and whether the defect can reasonably be cured by amendment. If it can be cured, the trial court has committed reversible error. Otherwise, we affirm. The burden of proof is squarely on the plaintiff. [Citation.]" (*Baughman* v. *State of California* (1995) 38 Cal.App.4th 182, 187 [45 Cal.Rptr.2d 82].)

On appeal, Brown combines his actions for negligence and breach of contract. (See *Chevlin* v. *Los Angeles Community College Dist.* (1989) 212 Cal.App.3d 382, 390 [260 Cal.Rptr. 628] ["Whether framed as a negligence or breach of contract theory the harm which Chevlin seeks to redress is the same."].) ▪ The critical allegation is that he lost an athletic scholarship to the University of Southern California because of the admitted mistake by Ms. Bonner and the high school. Brown argues that a special relationship existed between himself and the school district because the district induced him to transfer and assured him that the Manuel Dominguez High School would allow him to satisfy the NCAA requirements for athletic eligibility. Brown further contends that he relied on the promise he would be placed in courses that satisfy NCAA requirements. According to Brown, the relative ease of calculating damages militates in favor of imposing a duty. Finally, Brown argues that neither Ms. Bonner nor the school district is immune.

The issue of duty is close. Policy considerations preclude "an actionable 'duty of care' in persons and agencies who administer the academic phases of the public educational process. . . . To hold them to an actionable 'duty of care,' in the discharge of their academic functions, would expose them to the tort claims—real or imagined—of disaffected students and parents in countless numbers. They are already beset by social and financial problems which have gone to major litigation, but for which no permanent solution has yet appeared. [Citations.] The ultimate consequences, in terms of public time and money, would burden them—and society—beyond calculation." (*Peter W.* v. *San Francisco Unified Sch. Dist.* (1976) 60 Cal.App.3d 814, 825 [131 Cal.Rptr. 854]; see also *Nunn* v. *State of California* (1984) 35 Cal.3d 616, 627-628 [200 Cal.Rptr. 440, 677 P.2d 846] [extending *Peter W.* to cases where damages are calculable].) This strong policy consideration may outweigh the allegation that Brown undertook a change in circumstances in reliance on the school district. That question in turn raises an issue whether the school district was authorized to incur the obligation.

But even if a duty to Brown were assumed, both Ms. Bonner and the school district are immune from liability for misrepresentations. Government Code[1] section 822.2 protects a public employee acting in the scope of employment from injury due to the employee's misrepresentation. (*Masters* v. *San Bernardino County Employees Retirement Assn.* (1995) 32 Cal.App.4th 30, 39 [37 Cal.Rptr.2d 860].) Section 818.8 extends the same protection to the employer. (32 Cal.App.4th at p. 39.) Brown pled, in essence, that Ms. Bonner negligently misrepresented that the science class in which she counselled him to enroll would meet NCAA eligibility guidelines. (See *Lundeen Coatings Corp.* v. *Department of Water & Power* (1991) 232

---

[1] All further statutory citations are to this code.

Cal.App.3d 816, 832 [283 Cal.Rptr. 551] [section 818.8 applies even where "allegations of the complaint are couched in terms of code violations by the government entity and not misrepresentations per se"].) As Brown put it in his argument opposing the motion for judgment on the pleadings: "The plaintiff timely filed a governmental tort claim against defendants which alleged they failed to properly counsel him as promised and negligently advised that the science class in issue would satisfy NCAA requirements." Under sections 822.2 and 818.8 both Ms. Bonner and Compton Unified School District are immune from that negligent misrepresentation. (See *Chevlin* v. *Los Angeles Community College Dist., supra,* 212 Cal.App.3d at p. 390 [applying section 818.8 in case involving community college district].)

DISPOSITION

The judgment is affirmed.

Vogel (C. S.), P. J., and Hastings, J., concurred.