Lakisha BEALER;  et al., Plaintiffs—
Appellants,

v.

**CITY OF SAN DIEGO;  et al.,
Defendants—Appellees.**

**No. 02–56993.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2003.[*]

Decided Sept. 16, 2003.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

36

Lakisha Bealer, pro se, Mae Tucker, pro se, Lemon Grove, CA, Satchel Tucker, pro se, San Diego, CA, for Plaintiff–Appellant.

Maria C. Severson, Office of the City Attorney, Shoshana Lazik, San Diego City Attorney's Office, San Diego, CA, Ricky R. Sanchez, Office of the County Counsel, Robert F. Helfand, Esq., AGCA–Office of the California, Attorney General, Los Angeles, CA, for Defendant–Appellee.

Before: PREGERSON, THOMAS and PAEZ, Circuit Judges.

MEMORANDUM **

Lakisha Bealer and her parents, Mae and Satchel Tucker, appeal pro se the district court's orders granting summary judgment to defendants, and denying their motions for leave to amend and to compel a state court to unseal documents in their 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment, *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), and for an

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

abuse of discretion the denial of a motion to amend a complaint, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). We affirm in part, reverse in part and remand.

■ Summary judgment was proper on Appellants' constitutional claims against the City and County of San Diego for warrantless entry, invalid warrant, and excessive force, because Appellants failed to raise a genuine issue of material fact regarding whether the alleged constitutional violations were the product of a city or county custom or practice. *See Monell v. Dep't of Soc. Svcs. of City of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

■ Summary judgment was proper on Appellants' state law claims for nighttime service, invasion of privacy, trespass, and intentional and negligent infliction of emotional distress, because the defendants are entitled to statutory immunity, *see* Cal. Gov't Code §§ 815.2(b), 820.2, 821.6; *Baughman v. State of California*, 38 Cal. App.4th 182, 45 Cal.Rptr.2d 82, 88–89 (1995).

■ Summary judgment was proper on Bealer's claims against the individual defendants for warrantless entry, because the entry was supported by probable cause and excused by the fair probability that contraband or evidence of a crime would be found and the reasonable belief that the premises should be secured to prevent the destruction of relevant evidence. *See United States v. Alaimalo*, 313 F.3d 1188, 1193 (9th Cir.2002) (finding exigent circumstances justified warrantless entry). Summary judgment was also proper on Appellants' claim that the later-obtained warrant was invalid because they presented no evidence that the warrant was improperly obtained. *See United States v.*

*Celestine*, 324 F.3d 1095, 1102 (9th Cir. 2003).

While the district court correctly determined that Mae and Satchel Tucker lacked standing to assert claims for warrantless entry and invalid warrant, *see United States v. Sarkisian*, 197 F.3d 966, 986 (9th Cir.1999); *United States v. Johnson*, 641 F.2d 652, 656, 658 n. 4 (9th Cir. 1981), the district court erred by applying the same standing analysis to the Tuckers' claims of excessive force, *see Graham v. Connor*, 490 U.S. 386, 393–94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Consequently, we remand for further proceedings on the Tuckers' claims of excessive force against defendants Aguirre, Williams, Phillips, Morales and Malinowski.

■ The district court also erred in according statutory immunity to defendants on Appellants' claims for false imprisonment and false arrest, *see* Cal. Gov't.Code § 820.4; *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1379 (9th Cir.1998), and we remand for further proceedings on these claims against defendants Aguirre, Williams, Phillips, Morales, and Malinowski.

■ The district court did not abuse its discretion in denying Appellants' motions for leave to amend their complaint a second time, because the deadline for amendment had already been extended once, the complaint had already been amended once, and the new claims would require additional discovery at a late stage in the litigation. *See Zivkovic*, 302 F.3d at 1087.

Because we remand, we need not reach Appellants' motion to compel the state court to unseal search warrant materials.

Appellees' motion for judicial notice is GRANTED.

Each party to bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**