NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GAIL HARPER, | No. 14-15759 |
| Plaintiff-Appellant, | D.C. No. 3:11-cv-01306-JST |
| v. | |
| RYAN LUGBAUER; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted September 21, 2017[**]

Before:    SCHROEDER, HAWKINS, and N.R. SMITH, Circuit Judges.

Gail Harper appeals pro se from the district court's summary judgment and

dismissal orders in her 42 U.S.C. § 1983 action alleging federal and state law

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Doe v.*

*Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009) (dismissal under Fed. R.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Civ. P. 12(b)(6) and summary judgment); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003) (grant of an anti-SLAPP motion).  We affirm.

The district court properly granted the City and County of San Francisco, San Francisco Police Department, and individual police officers ("City defendants") motion to strike Harper's claims under California Civil Code sections 51, 51.7, and 52.4 pursuant to California's anti-SLAPP statute because the City defendants met their prima facie burden of showing that each cause of action arose out of protected activity and Harper failed to demonstrate a probability of prevailing on the merits.  *See Vess*, 317 F.3d at 1110 (two-step analysis under California's anti-SLAPP statute); *Digerati Holdings, LLC v. Young Money Entm't, LLC*, 123 Cal. Rptr. 3d 736, 747-48 (Ct. App. 2011) (litigation privilege precludes liability arising from any communication made in judicial proceedings); *Schaffer v. City & County of San Francisco*, 85 Cal. Rptr. 3d 880, 888-89 (Ct. App. 2008) (anti-SLAPP insulates police from having to litigate plainly unmeritorious lawsuits, the possibility of which would otherwise chill their ability to make statements in connection with official proceedings, as their duties to the public require); *Baughman v. California*, 45 Cal. Rptr. 2d 82, 89  (Ct. App. 1995) ("Under Government Code section 821.6, the officers' actions during the investigation were

cloaked with immunity, even if they had acted negligently, maliciously or without probable cause in carrying out their duties.").

The district court properly dismissed Harper's civil conspiracy claims against Coyle and Page because Harper failed to allege facts sufficient to show Coyle and Page entered into an agreement to commit a wrongful act. *See Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) (elements of civil conspiracy in California).

The district court properly dismissed as barred by the applicable statute of limitations Harper's § 1983 claims to the extent these claims were based on conduct that took place prior to February 2009. *See Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (for § 1983 claims, federal courts apply the forum state's statute of limitations; California's statute of limitations is two years for personal injury actions).

The district court properly dismissed as barred by the applicable statute of limitations Harper's defamation claims to the extent these claims were based on conduct that took place prior to February 2010. *See Shively v. Bozanich*, 80 P.3d 676, 685 (Cal. 2003) (statute of limitations is one year for defamation); *see also* Cal. Civ. Proc. Code §340(c).

14-15759

Contrary to Harper's contentions, the statutes of limitations were not tolled by virtue of the discovery rule or the continuing violation doctrine. *See Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920-21 (Cal. 2005) (discovery rule); *Komarova v. Nat'l Credit Acceptance, Inc.*, 95 Cal. Rptr. 3d 880, 894-95 (Ct. App. 2009) (continuing violation doctrine); *see also Canatella*, 486 F.3d at 1132-33 (federal courts apply forum state's law regarding tolling).

With respect to Harper's § 1983 claims that are not time-barred, the district court properly granted summary judgment on the police retaliation, harassment based on gender, "state-created" danger, and equal protection claims because Harper failed to raise a genuine dispute of material fact as to whether her constitutional rights were violated as a result of an official policy, practice, or custom of the City. *See Nigro v. Sears, Roebuck and Co.*, 784 F.3d 495, 497-98 (9th Cir. 2015) ("[The] district court can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence."); *City of Los Angeles v. Heller*, 475 U.S. 796, 699 (1986) (a *Monell* claim cannot survive in the absence of an underlying constitutional violation); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978) (setting forth requirements for municipal liability and explaining a municipality cannot be held liable under § 1983 on a

14-15759

respondeat superior theory).

With respect to Harper's defamation claims that are not time barred, the district court properly granted summary judgment to defendants Coyle and Ertola because Harper failed to raise a genuine dispute of material fact as to whether the alleged statement made by Coyle and Ertola were defamatory. *See Gardner v. Martino*, 563 F.3d 981, 986-87 (9th Cir. 2009) (setting forth test for whether an allegedly defamatory statement is opinion, not objective fact, and therefore protected by the First Amendment). The district court properly granted summary judgment to defendant Ertola because Harper failed to raise a genuine dispute of material fact as to whether Lugbauer made defamatory statements about Harper. *See Smith v. Maldonado*, 85 Cal. Rptr. 2d 397, 402-03 (Ct. App. 1999) (elements of defamation in California); *Keenen v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (non-moving party must identify with reasonable particularity the evidence that precludes summary judgment).

The district court properly granted summary judgment on Harper's gender violence claim under California Civil Code section 52.4 based on a conspiracy theory of liability because Harper failed to establish any of the elements of conspiracy. *See People v. Johnson*, 303 P.3d 379, 384 (Cal. 2013) (elements of

5                                                                14-15759

conspiracy); *see also* Cal. Civ. Code § 52.4(c)).

The district court did not abuse its discretion in declining to consider Harper's evidence filed after her deadline to oppose summary judgment and in excluding certain pieces of evidence on summary judgment. *See* N.D. Cal. Civ. R. 7-3(d) (providing that once a reply to a motion for summary judgment is filed, no additional papers may be filed without prior court approval); *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (broad deference is given to a district court's interpretation of its local rules); *Security Farms v. Int'l Bd. of Teamsters*, 124 F.3d 999, 1011 (9th Cir. 1997) (standard of review); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990) (unauthenticated documents cannot be considered on summary judgment); *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988) (only admissible evidence can be considered in ruling on a motion for summary judgment). Even if the district court erred in excluding certain documents, any error was harmless. *See Sanchez v. Aerovias De Mexico, C.A. De C.V.*, 590 F.3d 1027, 1029 (9th Cir. 2010) (reversal of summary judgment not required if error is harmless).

The district court did not abuse its discretion in denying Harper's third request to extend the discovery deadline because Harper failed to show good cause

6                                                                                    14-15759

as to why another extension of the deadline was needed. *See* Fed. R. Civ. P. 16(b); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (setting forth standard of review and explaining that moving party must show good cause to modify scheduling order).

The district court did not abuse its discretion in granting attorney's fees to the City defendants. *See Vess*, 317 F.3d at 1102 (standard of review); *Wilkerson v. Sullivan*, 121 Cal. Rptr. 2d 275, 277 (Ct. App. 2002) (a defendant who prevails on an anti-SLAPP motion to strike is entitled to recover his or her attorney fees); *see also* Cal. Civ. Proc. Code § 425.16(c)(1).

The district court did not abuse its discretion in granting costs to the City defendants as a prevailing party. *See* Fed. R. Civ. P. 54(d)(1); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 924 (9th Cir. 2015) (standard of review).

In her original and supplemental opening briefs, Harper failed to challenge the district court's dismissal of all claims against defendants Brown and Gascon, and the claims against defendant Ertola for violation of California Civil Code sections 51.7 and 52.4. Therefore, Harper has waived any challenge as to the dismissal of these claims. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are

7                                                                          14-15759

deemed waived."); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant . . . .").

We reject as unsupported by the record Harper's contentions that District Judge Ware and District Judge Tigar exhibited gender bias against her. *See Clemens v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (test for disqualification of judge is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned" (citation and internal quotation marks omitted)); *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (adverse rulings alone are insufficient to demonstrate judicial bias). To the extent Harper challenges the district court's order denying her motion for recusal, we conclude there was no abuse of discretion. *See* 28 U.S.C. §§ 144, 455; *Clemens*, 428 F.3d at 1178.

**AFFIRMED.**